UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:19-cr-39 |
| v. | : | Judge Thomas M. Rose |
| SHERMAN A. BROWN, | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER
MOTION TO SUPPRESS (DOC. 33)**

---

This case is before the Court on the Motion to Reconsider Motion to Suppress (Doc. 33) (the "Motion"), filed by Defendant Sherman A. Brown ("Brown"). Brown asks that this Court reconsider its decision that denied his motion to suppress. (Doc. 32.) For the reasons discussed below, the Court **DENIES** the Motion.

**I.      LEGAL STANDARD**

This Court has previously set forth the applicable legal standard for a motion for reconsideration:

> Although the Federal Rules of Criminal Procedure make no provision for motions to reconsider, Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 59(e), the Sixth Circuit has held motions to alter or amend judgment may be granted if there is [1] a clear error of law, [2] newly discovered evidence, [3] an intervening change in controlling law, or [4] to prevent manifest injustice. This is an extraordinary motion and is seldom granted because it contradicts notions of finality and repose.
>
> The motion is proper only if it contains an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points

> out a manifest error of fact or law. A Rule 59(e) motion may not be used to argue a new legal theory. Rather, a motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. … [W]hen the evidence forming the basis for a party's motion for reconsideration was in the movant's possession at the time of the initial hearing ... the movant must provide a legitimate reason for failing to introduce that evidence prior to the court's ruling.

*United States v. Robinson*, 5 F. Supp. 3d 933, 936-37 (S.D. Ohio 2014) (internal citations and quotation marks omitted). *See also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The district court correctly treated the motion to reconsider as a motion under Rule 59 to alter or amend judgment. … The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse.") (internal citations omitted).

## II. ANALYSIS

Brown asks that this Court reconsider its Order for two reasons: "First, there was not sufficient probable cause that Mr. Brown violated a traffic law, and the Court should have only relied on the facts relied on by Officer Orick in making its determination. Second, the Second District Court of Appeals decision in *State v. Hill* is applicable to Mr. Brown's case and requires that officers measure window tint to establish probable cause for a stop."

The Motion falls well short of the high standard for reconsideration, recited above. Additionally, the Court notes that Brown's Motion demonstrates that he is arguing issues that are different from (or irrelevant to) the issues presented in the motion to suppress. The first issue in the motion to dismiss was whether Officer Orick's initial stop was without reasonable suspicion or probable cause. (Doc. 32 at PAGEID # 191.) In his first section of argument in the Motion, Brown asserts that "law enforcement must still measure the window tint to confirm the windows are in fact in violation [of the Ohio traffic laws] to support a finding of probable cause and, further, to avoid suppression of any evidence located as a result of the stop." (Doc. 33 at PAGEID # 208.)

2

However, as set forth in the Order, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. … Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." (Doc. 32 at PAGEID # 191, *citing␣Whren v. United States*, 517 U.S. 806, 810 (1996) *and United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (emphasis added).) Thus, the issue is not whether a traffic violation actually did occur. *See also Ferguson*, 8 F.3d at 391; *United States v. Gaskin*, 587 F. App'x 290, 295 (6th Cir. 2014) (the question on a motion to suppress based on a purported lack of probable cause "is not whether [defendant] was actually violating the Ohio Traffic Code … rather, it is whether [the officer] reasonably believed that [defendant] was violating the Ohio Traffic Code.") (emphasis in original).

The next issue in the motion to dismiss was whether Officer Orick lacked probable cause necessary to arrest Brown without a warrant. (Doc. 32 at PAGEID # 194.) In his second section of argument in the Motion, Brown asserts that "the Court's decision cites other actions Mr. Brown took such as walking away and 'arguing' with Officer Orick [that were not] relied on by Officer Orick in determining there was probable cause to arrest." (Doc. 33 at PAGEID # 211.) However, as the Order states:

> To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer amount to probable cause. … It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause it not a high bar.

(Doc. 32 at PAGEID # 194, *citing District of Columbia v. Wesby*, 199 L.E.2d 453, 138 S.Ct. 577, 585-86 (2018) (internal quotation marks and citations omitted) (emphasis added).) Brown even says in the Motion that "[c]aselaw demands that courts examine the facts as viewed by a reasonable police officer to make the determination that probable cause exists." (Doc. 33 at PAGEID # 211.) The Court also notes that, at the evidentiary hearing, Officer Orick testified about those "other

actions," he testified that he placed Brown under arrest following those "other actions," and during his testimony counsel played video from his police cruiser that showed those "other actions." (Doc. 26 at PAGEID # 95-96, 108-112.) Those "other actions"—which Officer Orick lived through—certainly were not unknown to him, as the Motion appears to allege. (*See* Doc. 33 at PAGEID # 212.) For example, one wonders how Officer Orick could be unaware of arguing with Brown—one of the "other actions." (*See also* Doc. 26 at PAGEID # 98 (Officer Orick testifying that Brown "continued to walk away from me" and that he "observed Mr. Brown with a throwing motion with his right hand throw an object that I recognized to be car keys to Mr. Smith").)

### III. CONCLUSION

The Motion does not meet the high standard for granting a motion for reconsideration. For the reasons stated above, the Court **DENIES** Defendant's Motion to Reconsider Motion to Suppress (Doc. 33).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, November 8, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE